```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**VINCENT R. GRIFFIN,**

        **Petitioner,**

    **vs.**                                    **Civil Action 2:15-cv-2920**
                                                      **Judge Sargus**
                                                      **Magistrate Judge King**

**WARDEN, TOLEDO CORRECTIONAL INSTITUTION,**

        **Respondent.**

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent filed an answer on January 28, 2016, *Return of Writ*, ECF No. 18, and petitioner filed a reply on February 8, 2016, *Reply*, ECF No. 19. This matter is now before the Court on petitioner's February 17, 2016 motion. *Petitioner's Motion Case Law Standard Support Pursuant . . . Rule 5(b)(c) . . .*, ECF No. 20 [sic] ("*Petitioner's Motion*").

Although *Petitioner's Motion* is not entirely clear, it appears that petitioner seeks judgment by default in this action because, he alleges, the *Return of Writ* fails to conform to the provisions of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner does not specify the manner in which the *Return of Writ* fails to comply with the Rule.

The *Return of Writ* consists of 45 pages and is supported by almost 2,000 pages of exhibits, including the transcript of petitioner's state court trial. The *Return of Writ* is not so deficient

as to warrant judgment by default. The Court will address the issues raised in the *Petition* and in the *Return of Writ* in due course.

Accordingly, it is **RECOMMENDED** that *Petitioner's Motion*, ECF No. 20, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which

fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

February 17, 2016           *s/Norah McCann King*
 (Date)                    Norah M$^c$Cann King
                   United States Magistrate Judge