IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT R. GRIFFIN,

    Petitioner,

v.

WARDEN, TOLEDO CORRECTIONAL
INSTITUTION,

    Respondent.

Case No. 2:15-cv-02920
Chief Judge Sargus
Magistrate Judge King

## ORDER

On February 17, 2016, the Magistrate Judge recommended that Petitioner's *Motion Contingent last Motion to Consolidate (all) said motions* [sic] (ECF No. 20) be denied. *Report and Recommendation* (ECF No. 21). Petitioner objected to that recommendation. *Objection* (ECF No. 22). Petitioner also filed a *Motion to Order State Attorney General (Ohio) Disclose 911 Call by Vincent R. Griffin, made at 5:50 p.m., December 1, 2009, and Prepare Witness Detective Mellinda Johnson for Hearing, and (if) Needed Upon Development of 911 CD, Give Petitioner (Griffin) a Voice Test to Compare* [sic] (ECF No. 23).

In considering Petitioner's objection to the *Report and Recommendation*, and pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 22) is **OVERRULED**. The *Report and Recommendation* (ECF No. 21) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion Contingent last Motion to Consolidate (all) said motions* (ECF No. 20) is **DENIED**. Petitioner's *Motion to Order State Attorney General (Ohio) Disclose 911 Call by Vincent R. Griffin, made at 5:50 p.m., December 1, 2009, and Prepare Witness Detective Mellinda Johnson for Hearing, and (if) Needed Upon*

*Development of 911 CD, Give Petitioner (Griffin) a Voice Test to Compare* (ECF No. 23) is also **DENIED.**

Petitioner's request, made in *id.* at PageID# 2107, that the Clerk provide him with a copy of his habeas corpus petition, is **GRANTED.**

As observed by the Magistrate Judge, Petitioner's *Motion Contingent last Motion to Consolidate (all) said motions* [sic] (ECF No. 20) appears to request the entry of judgment by default in this habeas corpus action. Petitioner objects to the Magistrate Judge's recommendation that the request be denied. He alleges that he is actually innocent of the crimes for which he was convicted and insists that he is a victim of prosecutorial misconduct. Petitioner argues that the Respondent failed to properly respond to his habeas corpus petition, which includes claims related to the allegations presented in his state petition for post conviction relief. Petitioner also complains that Respondent has failed to produce a copy of a 911 call made by Petitioner on December 1, 2009, which, he argues, will support his claim of actual innocence. Petitioner also asks the Court to order Respondent to provide a copy of the 9-1-1 call.

As noted by the Magistrate Judge, although Petitioner complains that the Respondent has failed to adequately respond to the *Petition,* the *Return of Writ* consists of 45 pages and is supported by almost 2,000 pages of exhibits, including the transcript of Petitioner's state court trial. In the *Return of Writ*, Respondent argues that Petitioner's claims have been procedurally defaulted or otherwise fail to offer a basis for habeas corpus relief. This Court agrees that Respondent has adequately responded to the *Petition*. In any event, even a failure to respond to claims raised in a petition for habeas corpus does not entitle a habeas petitioner to a default judgment. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)(citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2nd Cir. 1984); *Goodman v. Keohane*, 663 F.2d 1044, 1047 n. 4 (11th Cir.1981);

*Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *See also Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987)("default judgment is not contemplated in habeas corpus cases")(citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919 (7th Cir. 1974); *Allen v. Perini*, 424 F.2d at 134). Petitioner's *Objection* is therefore **OVERRULED.**

As to Petitioner's request that Respondent be ordered to provide a copy of the 9-1-1 call that Petitioner represents that he made, at this stage of the proceedings, it is not apparent that a copy of that recording will assist in this Court's resolution of Petitioner's claims.[1] Petitioner's request is therefore **DENIED** without prejudice to renewal, if otherwise appropriate, at a later stage of the proceedings.

Petitioner also asks that Respondent "Prepare Witness Detective Mellinda Johnson For Hearing, and (If) Needed Upon Development of 911 C/D, Give Petitioner (Griffin) a Voice Test to Compare." (ECF No. 23, PageID# 2106.) However, it does not appear at this time that an evidentiary hearing or a "voice test" will be required for resolution of Petitioner's claims. Petitioner's request is therefore **DENIED.**

Petitioner's *Objection* (ECF No. 22) is **OVERRULED.** The *Report and Recommendation* (ECF No. 21) is **ADOPTED** and **AFFIRMED.** Petitioner's *Motion Contingent last Motion to Consolidate (all) said motions* (ECF No. 20) is **DENIED.**

---

[1] In his state habeas corpus petition, Petitioner

> alleged that he called 9–1–1 from his apartment between 5:30 and 6:00 p.m. on December 1, 2009 (the date and approximate time the victim was attacked inside appellant's van) to report that his van had been stolen. Appellant further alleged that between 5:30 and 5:50 p.m. on December 1, 2009, an unidentified woman called 9–1–1 and reported the name of the person who stole appellant's van. Appellant asserted that supplemental discovery provided to trial counsel by the prosecution prior to trial included a CD recording of both 9–1–1 calls. Appellant alleged that trial counsel's failure to investigate the 9–1–1 calls constituted deficient performance and that he was prejudiced thereby, as the 9–1–1 calls would have established an alibi defense.

*State v. Griffin*, No., 2014 WL 7273988, at *5 (Ohio 10th App. Dist. Dec. 23, 2014). Thus, it would appear that Petitioner has already been granted access to the 9-1-1 recordings to which he refers.

3

Petitioner's *Motion to Order State Attorney General (Ohio) Disclose 911 Call by Vincent R. Griffin, made at 5:50 p.m., December 1, 2009, and Prepare Witness Detective Mellinda Johnson for Hearing, and (if) Needed Upon Development of 911 CD, Give Petitioner (Griffin) a Voice Test to Compare* (ECF No. 23) is **DENIED**.

In *Motion to Order State Attorney General (Ohio) Disclose 911 Call by Vincent R. Griffin, made at 5:50 p.m., December 1, 2009, and Prepare Witness Detective Mellinda Johnson for Hearing, and (if) Needed Upon Development of 911 CD, Give Petitioner (Griffin) a Voice Test to Compare* (ECF No. 23), Petitioner also asks that the Clerk provide him a copy of the *Petition* (ECF No. 1). *Motion to Order State Attorney General (Ohio) Disclose 911 Call by Vincent R. Griffin, made at 5:50 p.m., December 1, 2009, and Prepare Witness Detective Mellinda Johnson for Hearing, and (if) Needed Upon Development of 911 CD, Give Petitioner (Griffin) a Voice Test to Compare,* PageID# 2107. That request is **GRANTED**. The Clerk is **DIRECTED** to provide to petitioner a copy of the *Petition* (ECF No. 1), and the exhibits attached to the *Petition*.

**IT IS SO ORDERED.**

                                           /s/ 3-21-2016
                                           EDMUND A. SARGUS, JR.
                                           Chief United States District Judge