IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT R. GRIFFIN,

    Petitioner,

    v.

WARDEN, TOLEDO
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:15-cv-2920
**CHIEF JUDGE SARGUS**
Magistrate Judge King

## OPINION AND ORDER

On December 13, 2016, the Magistrate Judge denied Petitioner's *Motion to Compel* (ECF No. 28) and recommended that Petitioner's *Motion for Partial Summary Judgment* (ECF No. 27) be denied, and that this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Order and Report and Recommendation* (ECF No. 29). Petitioner has objected to that denial and those recommendations. *Objection* (ECF No. 30); *Amendment to Add to Objection to Order and Report and Recommendation* (ECF No. 31). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 29) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Partial Summary Judgment* (ECF No. 27) and *Motion to Compel* (ECF No. 28) are **DENIED**. This action is hereby **DISMISSED**.

Petitioner was convicted after a jury trial in the Franklin County Court of Common Pleas on charges of attempted rape, felonious assault, and kidnapping. He is currently serving a term of fifty-six years to life in prison. The Ohio Court of Appeals affirmed Petitioner's convictions, and the Ohio Supreme Court dismissed Petitioner's subsequent appeal. Petitioner also

unsuccessfully pursued post conviction relief through the Ohio Supreme Court, which dismissed Petitioner's appeal because he failed to file a memorandum in support of jurisdiction as required by that court's rules of practice. Petitioner alleges in this action that he was denied the effective assistance of trial counsel (claim one); was denied a fair trial because of prosecutorial misconduct (claim two); was convicted in violation of the Fourth Amendment because police withheld exculpatory evidence in obtaining the search warrant (claim three); and that identity violations occurred during the police investigation regarding multiple photo arrays (claim four). The Magistrate Judge recommended dismissal of claims one, two and four as procedurally defaulted, and claim three as failing to offer a basis for relief.

Petitioner seeks the recusal of the Magistrate Judge from this case based upon an alleged conflict of interest, in view of the Magistrate Judge's involvement in a prior civil litigation filed by Petitioner in this Court against various governmental agencies. *Objection* (ECF No. 30, PageID# 2155-56.) Petitioner suggests that the *Report and Recommendation* was issued in order to prevent him from proceeding in a new complaint that he has made against prison officials. *Id.* (PageID# 2156.) Petitioner also maintains that he in fact submitted a memorandum in support of jurisdiction with the Ohio Supreme Court, and that the Ohio Supreme Court therefore improperly dismissed his post conviction appeal, thus abusing its discretion and depriving him of the right to appeal. Petitioner complains that prison officials lost or took his legal materials, and that he obtained documents in support of his post conviction petition only in June 2013. Petitioner also argues that the record supports his claims for relief. He asserts that he is actually innocent of the charges on which he stands convicted, and refers to a 9-1-1 call that he allegedly made to police; he objects to the Magistrate Judge's conclusion to the contrary. Petitioner also objects to the Magistrate Judge's recommendation that his *Motion for Partial Summary Judgment* be denied.

Petitioner complains that the Magistrate Judge has misconstrued or misrepresented the facts of the case. He again argues at length regarding the merits of his underlying claims. *See Amendment to Add to Objection to Order and Report and Recommendation* (ECF No. 31).

The record does not warrant the recusal of the Magistrate Judge. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is warranted where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," has served as a lawyer in the matter in private practice or has practiced law with an attorney who did, has previously expressed an opinion concerning the merits of the case, has a financial interest in the subject matter in controversy "or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b). Recusal is justified "'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)(quoting *Trotter v. International Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1144 (9th Cir. 1983)). This standard is an objective standard and not based on the subjective view of the particular litigant. *United States v. Summons*, 918 F.2d 592, 599 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Absent such disqualifying factors, however, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified ." *Laird. v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted).

Under 28 U.S.C. § 144,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no

3

> further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Petitioner has not filed such an affidavit. Additionally, the Sixth Circuit has noted:

> Disqualification must be predicated on extrajudicial conduct rather than judicial conduct. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Appellant herein does not allege that the trial judge should have recused himself on the basis of personal bias, but bases his contention that the trial judge was biased because of the judicial proceedings over which the judge presided. Appellant fails to show that the trial court was personally biased against him. *See In Re M. Ibrahim Khan*, P.S.C., 751 F.2d 162 (6th Cir. 1984). Consequently, there is no showing of actual prejudice resulting from any actions of the trial judge.

*Zimmer v. United States*, 780 F.2d 1024 (Table), unpublished, 1985 WL 13998, at * 1 (6th Cir. Nov.15, 1985).

The records of this Court offer no basis for Petitioner's allegations of bias and prejudice on the part of the Magistrate Judge. Petitioner has filed a number of civil actions under 42 U.S.C. § 1983 in this Court. *Griffin v. Ohio Prison System, et al.*, Case No. 2:00-cv-00640; *Griffin v. City of Columbus, et al.*, Case No. 2:96-cv-00557; *Griffin v. Ohio Governor, et al.*, Case No. 2:94-cv-00575; *Griffin v. Park Medical, et al.*, Case No. 2:94-cv-00377. Only one of those cases, *Griffin v. Ohio Governor, et al.*, Case No. 2:94-cv-00575, was assigned to the Magistrate Judge in this habeas case. The District Judge also assigned to that case dismissed the action more than twenty (20) years ago, *Id., Memorandum, Opinion, and Order* (ECF No. 45), and plaintiff's appeal from that judgment was voluntarily dismissed. *See id., Order* (ECF No.

4

50). Nothing in that case provides a basis for the recusal of the Magistrate Judge in this case. Notably, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of. . . prior proceedings, do not constitute a basis for bias or partiality." *Id,* at 555. Moreover, the undersigned has conducted a *de novo* and independent review of the record in this action. Petitioner's request for recusal of the Magistrate Judge is therefore **DENIED.**

Moreover, Petitioner's objections to the recommendations of the Magistrate Judge are not well taken. The record simply fails to reflect a basis for summary judgment on Petitioner's behalf. Petitioner has plainly waived this Court's consideration of the merits of his federal claims by either failing to present them to the state courts, or failing to raise them on direct appeal. Despite his contention to the contrary, this Court is unable to locate in the record any indication that he timely submitted a memorandum in support of jurisdiction to the Ohio Supreme Court. In any event, Petitioner has waived his claim of the denial of the effective assistance of trial counsel based on his attorney's alleged failure to review telephone records because he failed to raise this claim on direct appeal. The state appellate court explicitly refused to address the merits of this claim in post conviction proceedings as barred under Ohio's doctrine of *res judicata*. *See State v. Griffin*, No. 13AP-182, 2014 WL 7273988, at *5 (Ohio App. 10th Dist. Dec. 23, 2014).

> [A]ppellant was represented by new counsel on direct appeal, and appellate counsel raised an ineffective assistance of trial counsel claim regarding other alleged errors made by trial counsel. By his own admission, recordings of the 9–1–1 calls were provided to the defense by the prosecution prior to trial. Thus, any claim of ineffective assistance of counsel pertaining to trial counsel's failure to investigate the 9–1–1 calls could have been raised and fairly determined on direct appeal.

5

*Id.* Moreover, and contrary to Petitioner's argument here, the state appellate court never directed that Petitioner raise this claim in post conviction proceedings; it was an entirely different claim of ineffective assistance of counsel – and one that relied on matters outside the trial court record - that would be properly raised in a petition for post conviction relief. In any event, the state appellate court also commented that such a claim would not likely warrant relief:

> Appellant first asserts that Attorney Noel provided ineffective assistance by failing to inform appellant and the trial court that he was subject to pending disciplinary proceedings and potential sanctions from the Supreme Court of Ohio. Appellant argues that, had the trial court been advised of the pending disciplinary proceedings, it could have appointed another attorney to serve as co-counsel. Alternatively, appellant suggests that the Supreme Court could have been asked to delay any decision against Attorney Noel or to stay the effective date of his suspension until after appellant's trial was completed. (Appellant's brief at 34.) Appellant argues that Attorney Noel was aware of the pending disciplinary proceeding well before taking appellant's case.
>
> Although we are troubled by the suggestion that Attorney Noel may have been aware of potential sanctions and did not take appropriate steps to ensure that appellant would receive proper legal counsel, the details of the disciplinary case against Attorney Noel are not part of the record on appeal. The record before this court only indicates that Attorney Noel was suspended from the practice of law on June 17, 2010. Thus, this is not an appropriate claim for direct appeal because it relies on facts outside the record of the court below. *State v. Hamilton*, 10th Dist. No. 10AP–543, 2011–Ohio3305, ¶ 29. *See also State v. Douthat*, 10th Dist. No. 09AP–870, 2010–Ohio–2225, ¶ 19 ("Where a claim of ineffective assistance of counsel is dependent upon facts outside the record, the appropriate remedy is for the defendant to file a petition for post-conviction relief.").
>
> Notwithstanding appellant's reliance on facts outside the trial record, it is unlikely that appellant would be able to establish that Attorney Noel provided ineffective assistance by failing to inform the trial court and appellant that he was subject to pending disciplinary proceedings. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for

6

> counsel's errors, the result of the trial would have been different." *Bradley*, at paragraph three of syllabus. At the time that the trial court learned of Attorney Noel's suspension, the state had presented its final witness, a forensic biologist with the Columbus police crime lab. Attorney Noel was in the process of cross-examining this witness when the trial court stopped the proceedings. When the proceedings resumed following Attorney Noel's suspension, appellant stated that the defense planned to proceed to closing arguments after completing cross-examination of the final state witness. As discussed herein, appellant chose to represent himself for the remainder of the trial. The trial court appointed standby counsel to assist appellant with any questions during the proceedings. The trial court took steps to ensure that the jury would remain fair and impartial and would not form any negative impression of appellant based on the fact that he was no longer represented by an attorney. Therefore, appellant fails to establish that he suffered prejudice due to his attorney's suspension.

*State v. Griffin*, No. 10AP-902, 2011 WL 3766751, at *12 (Ohio App. 10th Dist. Aug. 25, 2011).[1]

Still, Petitioner did not raise this claim in his post conviction proceedings. *See State v. Griffin*, No. 13AP-182, 2014 WL 7273988 (Ohio App. 10th Dist. Dec. 23, 2014). Therefore, to the extent that Petitioner intends to raise this same claim in these proceedings, that claim appears to have been procedurally defaulted. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Any present attempt by Petitioner to present the issue in a successive petition for post conviction relief in the state courts would most surely be barred. *See* O.R.C. § 2953.23.

This Court has carefully reviewed the entire record in this case. For the reasons already addressed at length in the Magistrate Judge's *Order and Report and Recommendation*, this Court agrees that Petitioner has failed to meet the high hurdle required for establishing a claim of actual innocence so as to permit a merits review of his procedurally defaulted claims. *See Souter v.*

---

[1] Defense counsel represented Petitioner through the cross-examination of the final prosecution witness. Although the trial court initially declared a mistrial upon learning that the Ohio Supreme Court had suspended defense counsel from the practice of law, the trial court vacated that declaration upon Petitioner's objection. *See State v. Griffin*, 2011 WL 3766751, at *4.

7

*Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). The record reflects substantial evidence of Petitioner's guilt. Additionally, to the extent that Petitioner intends to raise a free-standing claim of actual innocence independent of a constitutional violation, such claim does not provide a basis for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993)(independent actual innocence claims are not cognizable on federal habeas corpus review).

For all the foregoing reasons, and for all the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 30) and *Amendment to Add to Objection to Order and Report and Recommendation* (ECF No. 31) are **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 29) is **ADOPTED** and **AFFIRMED.** Petitioner's *Motion for Partial Summary Judgment* (ECF No. 27) and *Motion to Compel* (ECF No. 28) are **DENIED.** This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

                          1-30-2017
                   EDMUND A. SARGUS, JR.
                   Chief United States District Judge